

FILED

Aug 05 2016, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| William J. Woodford<br>Carlisle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Larry D. Allen<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William J. Woodford,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 5, 2016<br><br>Court of Appeals Case No.<br>20A03-1601-CR-171<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Terry C. Shewmaker, Judge<br><br>Trial Court Cause No.<br>20C01-9912-CF-140 |

**Bailey, Judge.**

# Case Summary

William J. Woodford ("Woodford") appeals the trial court's order modifying his sentence placement, arguing that the court abused its discretion by failing to grant the full relief he sought after he demonstrated exemplary rehabilitative efforts, including remaining free of conduct violations for the entirety of his nearly sixteen-year imprisonment. We remand.

# Issues

Woodford presents one issue: whether the trial court abused its discretion by ordering that the final twelve years of his sentence be served in community corrections, but not reducing his sentence.

We also address an issue raised by the State: whether the trial court had authority to modify Woodford's sentence without the prosecutor's consent.

# Facts and Procedural History

In 2000, Woodford was convicted of Dealing in Cocaine, as a Class A felony,[1] and Possession of a Controlled Substance, a Class D felony,[2] and adjudicated a habitual offender.[3] The trial court imposed an aggregate sentence of seventy

---

[1] Ind. Code § 35-48-4-1 (1998).

[2] I.C. § 35-48-4-7 (1998).

[3] I.C. § 35-50-2-8 (1998).

years in the Indiana Department of Correction ("DOC"). In 2001, the Indiana Supreme Court affirmed his conviction. *Woodford v. State*, 752 N.E.2d 1278 (Ind. 2001), *cert. denied*. Woodford was subsequently denied post-conviction relief, and this Court affirmed the post-conviction court's order. *See Woodford v. State*, No. 20A04-0202-PC-69, Slip. op. (Ind. Ct. App. Jan. 17, 2003).

[5] On July 13, 2009, Woodford filed a petition for sentence modification, which the trial court denied for lack of jurisdiction.[4] On June 20, 2014, Woodford filed another petition for sentence modification, which the court denied for the same reason. The trial court also denied Woodford's petition for sentence modification filed July 21, 2014.

[6] On September 28, 2015, Woodford filed a new petition for sentence modification and request to modify his placement to community corrections, drawing the court's attention to his age (sixty-one), educational achievements,

---

[4] The court found that it was without "jurisdiction" to reduce or suspend Woodford's sentence without the consent of the prosecutor. (App. 11-12.) At the time the court denied Woodford's first petition, the court's authority to render a sentence modification was "subject to the approval of the prosecuting attorney" if 365 days had passed since sentencing. *See* I.C. § 35-38-1-17(b) (2008). Attorneys and judges alike have a tendency to treat procedural errors as defects in subject matter jurisdiction. *K.S. v. State*, 849 N.E.2d 538, 541 (Ind. 2006). It is true that "[a]fter final judgment, a court retains only such continuing jurisdiction as is permitted by the judgment itself or as is given the court by statute or rule." *Beanblossom v. State*, 637 N.E.2d 1345, 1347 (Ind. Ct. App. 1994), *trans. denied*. Generally after a sentence is pronounced, jurisdiction over a defendant goes to the DOC; however, under the sentence modification statute, "the jurisdiction of the sentencing court to modify the sentence remains . . . ." *Id.* at 1348.

Although the sentence modification statute establishes the court's jurisdiction, "[t]he legislature was free, through the statute, to give the trial court authority to render a modification of the sentence with whatever conditions and within whatever time it deemed appropriate." *Id.* The requirement that the prosecutor consent to a sentence modification is thus properly understood as a procedural condition precedent to the court's exercise of authority, rather than a jurisdictional limitation. Here, the trial court had jurisdiction over the matter of Woodford's sentence in 2009, but the condition precedent of prosecutorial approval was not met, thereby depriving the court of statutory authority.

and the fact that he had remained free of conduct violations during his nearly sixteen-year imprisonment. Specifically, Woodford asked the court "to reduce or suspend his sentence to forty (40) years and to place him in a community corrections work release program." (App. 21.) The court initially denied the motion; however, it ordered the DOC to file a progress report and stated that "it may reconsider its ruling upon receipt of said report." (App. 13.) After receiving and reviewing the report, the court scheduled a hearing on the motion.[5]

[7] A hearing was held December 10, 2015. On January 4, 2016, the trial court declined to reduce Woodford's sentence, but ordered that his final twelve years be served in community corrections on in-home detention, subject to his acceptance to the program. Woodford appeals.

# Discussion and Decision

### *Trial Court's Authority*

[8] We begin with the State's argument that the trial court lacked authority to entertain Woodford's petition for sentence modification. To the extent the State's argument raises an issue of statutory interpretation, the primary goal in statutory interpretation is to ascertain and give effect to the legislature's intent.

---

[5] In the meantime, Woodford appealed the court's initial denial. After the trial court set a hearing to reconsider, this Court dismissed the original appeal without prejudice and instructed Woodford to file a new notice of appeal should he choose to appeal a subsequent order.

*State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008). The language of the statute is the best evidence of that intent. *Id.* We "presume[] that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id.* In addition, a remedial statute should be liberally construed to cure the mischief for which it was enacted. *Brown v. State*, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011), *trans. denied*.

[9] On September 28, 2015, Woodford filed his petition for sentence modification, asking for a sentence reduction or suspension and placement in a community corrections work release program.[6] Indiana's sentence modification statute was substantially amended in 2014 as part of a broad overhaul of the criminal code. *See Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*; I.C. § 35-38-1-17 (2014). This Court had previously held that the 2014 statute did not apply to offenders convicted or sentenced before the statute's effective date. *See, e.g.*, *Swallows v. State*, 31 N.E.3d 544 (Ind. Ct. App. 2015), *trans. denied*; *Hobbs v. State*, 26 N.E.3d 983 (Ind. Ct. App. 2015). In 2015, our General Assembly clarified that the sentence modification statute "applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." I.C. §

---

[6] Woodford's motion stated two statutory bases for the court's authority to modify or suspend his sentence and place him in community corrections: Indiana Code § 35-38-1-17 (sentence modification) and § 35-38-2.6-3 (suspension of sentence and direct placement in community corrections). Because Section 35-38-2.6-3 applies "at the time of the sentencing," I.C. § 35-38-2.6-3(a) (Supp. 2015), "[i]f after sentencing, a defendant requests to modify his placement and be allowed to serve his sentence in a community corrections program, this is a request for a modification of sentence under Ind. Code § 35-38-1-17." *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001) (citing *State v. Porter*, 729 N.E.2d 591, 593 n.1 (Ind. Ct. App. 2000)). Accordingly, we treat Woodford's motion as a petition for sentence modification under Indiana Code § 35-38-1-17. *See id.*

35-38-1-17(a) (Supp. 2015). Thus, the 2015 amendment was remedial. *See Brown*, 947 N.E.2d at 490 (quoting *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005)) ("A statute is remedial when it is 'intended to cure a defect or mischief that existed in a prior statute.'").

[10] The sentence modification statute now provides:

> (e) At any time after:
>
>> (1) a convicted person begins serving the person's sentence; and
>>
>> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

I.C. § 35-38-1-17(e) (Supp. 2015).[7] The 2015 amendment also permits a convicted person who is not a violent criminal to file two petitions for sentence modification without first obtaining the consent of the prosecuting attorney. I.C. § 35-38-1-17(j)(2) (Supp. 2015). In whole, subsection (j) provides:

> (j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent

---

[7] The most recent amendment, effective July 1, 2016, does not alter the subsections at issue. *See* Pub. L. No. 13-2016, § 12 (2016).

criminal may file a petition for sentence modification under this section:

> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and

> (2) a maximum of two (2) times during any consecutive period of incarceration;

without the consent of the prosecuting attorney.

I.C. § 35-38-1-17(j) (Supp. 2015).

[11] The statute's application in this case is straightforward. Woodford was convicted and sentenced in 2000 and filed a petition for sentence modification on September 28, 2015. Woodford is not a "violent criminal" under Indiana Code § 35-38-1-17(d) (Supp. 2015). This was Woodford's first petition under the new statute. Accordingly, the prosecutor's consent was not required.

[12] The State's position is that the trial court lacked authority to entertain Woodford's petition because the three petitions Woodford filed before the 2015 amendment's effective date should count against his two-petition limit (without the prosecutor's consent) under Section 35-38-1-17(j)(2).[8] In other words, the

---

[8] As soon as the State raises the issue, the State explicitly abandons it by declaring it "is choosing not to cross-appeal Woodford's sentence modification" (Appellant's Br. 9) and asking that we affirm the trial court. Still, we address the State's argument because of its broad implications for evaluating the conditions precedent to a trial court's exercise of authority under the revised sentence modification statute.

State contends that Woodford exhausted his "two bites at the apple" before the two-bite limit was even enacted.[9]

[13] "Statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well." *Pelley*, 828 N.E.2d at 919. In 2015, when the legislature clarified that the new sentence modification scheme applies to persons convicted or sentenced before July 1, 2014, *see* I.C. § 35-38-1-17(a) (Supp. 2015), it conferred on nonviolent offenders the right to twice pursue sentence modification without obtaining the prosecuting attorney's consent. The statute does not unequivocally or unambiguously state that the two-petition limit in Subsection (j)(2) should apply retrospectively to petitions filed before the statute's effective date. Indeed, to apply the limit retrospectively in a remedial statute like this one would produce an absurd result: it would deny Woodford the opportunity for sentence modification under the new statutory terms, even though Section 35-38-1-17(a) explicitly extends the new scheme to persons like Woodford who were convicted and sentenced before July 1, 2014.

---

[9] In support of its position, the State cites a recent case, *Vazquez v. State*, in which Vazquez filed petitions for sentence modification in November 2010, July 2014, and October 2014. 37 N.E.3d 962, 963 (Ind. Ct. App. 2015). The trial court denied Vazquez's October 2014 petition as untimely because Indiana Code § 35-38-1-17(j)(1) limits a nonviolent criminal to one petition within a 365 day period and his last two petitions were filed three months apart. *Id.* A panel of this Court affirmed, noting that Subsection (j)(1) "mandates this result." *Id.* at 964. The Court also observed that Vazquez "exceeded the authorized number of filings" under Subsection (j)(2), *id.*, although the issue of which petitions count toward the limit was not squarely presented to the Court. The Court's alternate reasoning is not controlling here, and for the reasons articulated below, we conclude that the trial court had authority to enter a sentence modification on Woodford's latest petition.

[14] Moreover, the State's approach would undermine the stated intentions of our General Assembly. When the legislature comprehensively reformed the criminal code in 2014, it directed that the new provisions be construed to, among other enumerated goals, "reduce crime by promoting the use of evidence based best practices for rehabilitation of offenders in a community setting" and "keep dangerous offenders in prison by avoiding the use of scarce prison space for nonviolent offenders[.]" I.C. §§ 35-32-1-1(5)-(6). In keeping with the legislative distinction between nonviolent and dangerous, the statute more severely limits a violent criminal's modification requests, *see* I.C. § 35-38-1-17(k) (Supp. 2015), while providing a nonviolent criminal two opportunities to present sentence modification petitions directly to the court. By allowing certain petitions to proceed directly to courts for evaluation on the merits, the legislature gave courts greater opportunity to evaluate the rehabilitative efforts of long-incarcerated but nonviolent offenders and determine whether scarce prison resources could be better used.

[15] Of course, the court's authority to modify sentences is not unfettered under the new statute. The court must first obtain a conduct report from the DOC. I.C. § 35-38-1-17(e) (Supp. 2015). If modification is warranted, the court may only impose a sentence that was authorized at the time of sentencing and must incorporate its reasons in the record. I.C. § 35-38-1-17(e) (Supp. 2015). And although the statute no longer always requires the prosecutor's consent, it preserves the prosecutor's critical role in representing the State's interest in sentence modifications by requiring advance notice to the prosecutor of any

modification hearing. I.C. § 35-38-1-17(f) (Supp. 2015). Thus, no modifications may be made without first giving the prosecutor an opportunity to present evidence and argument at a hearing.

[16] In sum, the legislature did not unequivocally and unambiguously state that the petition limit should be applied retrospectively to petitions filed under a prior version of the statute; moreover, such an interpretation would undermine the statute's remedial purpose. Furthermore, the legislative goals of promoting community-based rehabilitation and preserving scarce prison resources for violent and dangerous offenders are better advanced through prospective application. Accordingly, the prosecuting attorney's consent was not required, and the trial court had authority to hear Woodford's first petition under the latest version of the sentence modification statute.

### Sentence Modification Order

[17] We turn now to the court's modification order. After Woodford filed his petition for sentence modification, the trial court obtained a conduct report from the DOC and scheduled a hearing. At the hearing, the court expressed uncertainty as to whether it had authority to reduce or suspend Woodford's sentence, but believed it had authority to modify his placement to community corrections.

[18] On January 4, 2016, the court entered a written order acknowledging Woodford's lengthy criminal history, but also noting the "number of positive

endeavors" Woodford pursued while incarcerated[10] and congratulating him for the "extremely unusual" accomplishment of remaining free of conduct violations for the nearly sixteen years he had been incarcerated. (App. 18A.) The court declined to suspend Woodford's sentence, but ordered that the final twelve years be served in community corrections on in-home detention.

[19] The 2015 sentence modification statute gives the court authority to "reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing." I.C. § 35-38-1-17(e) (Supp. 2015). Based on our review of the hearing transcript and the court's written order, it is unclear whether the trial court was operating under the 2015 sentence modification statute when it modified Woodford's placement rather than reduce or suspend his sentence.[11] Accordingly, we will not review the trial court's modification order for abuse of discretion as Woodford requests, but instead remand the petition for consideration under Indiana Code § 35-38-1-17 (Supp. 2015).

# Conclusion

---

[10] Woodford obtained a legal assistance/paralegal diploma, earned a computer operator apprenticeship, and completed an associate degree in organizational leadership with a 3.917 GPA. Given the quality of Woodford's written briefs in this case, we are not surprised by Woodford's academic achievements.

[11] The distinction the court drew at the hearing and in its order between placement in community corrections and reduction/suspension raises the possibility that the court was operating under the old statutory framework. A prior version of the statute, Indiana Code § 35-38-1-17(b) (Supp. 2012), expressly gave the court authority to modify a convicted person's placement from the DOC to community corrections without the prosecutor's approval. That language has since been removed.

The trial court had authority to entertain Woodford's first petition under the latest version of the sentence modification statute. We remand with instructions to hold a new hearing on Woodford's petition and consider it under the revised statute, Indiana Code § 35-38-1-17 (Supp. 2015).

Remanded.

Bradford, J., and Altice, J., concur.