## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 07 2017, 8:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert E. Eastwood
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert E. Eastwood, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 7, 2017 <br><br> Court of Appeals Case No. 07A01-1609-CR-2028 <br><br> Appeal from the Brown Circuit Court <br><br> The Honorable Judith A. Stewart, Judge <br><br> Trial Court Cause No. 07C01-0401-FA-24 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Robert E. Eastwood appeals the trial court's denial of his motions to modify his sentence pursuant to Indiana Code section 35-38-1-17. Because Eastwood is a "violent criminal," filed his motions more than 365 days after he was sentenced, and did not have the consent of the prosecuting attorney, the trial court properly denied his motions.

# Facts and Procedural History

[2] In December 2011, Eastwood was convicted of Class A felony child molesting, Class C felony child molesting, and Class D felony fondling in the presence of a minor. The following month, the trial court sentenced him to thirty years. We affirmed Eastwood's convictions on appeal. *Eastwood v. State*, 984 N.E.2d 637 (Ind. Ct. App. 2012), *trans. denied*.

[3] Between April and August 2016, Eastwood filed several motions asking the trial court to modify his sentence. The State objected. The trial court denied Eastwood's motions. Eastwood filed a motion to correct errors, which the trial court also denied.

[4] Eastwood, pro se, now appeals.

# Discussion and Decision

[5] Eastwood contends that the trial court erred by refusing to modify his sentence. Indiana Code section 35-38-1-17, which governs the reduction and suspension

of sentences, was amended in 2015 to provide that it applies to defendants who committed their offenses or were sentenced before July 1, 2014. P.L. 164-2015, § 2 (effective May 5, 2015); *see also Woodford v. State*, 58 N.E.3d 282, 285 (Ind. Ct. App. 2016) (discussing history of Section 35-38-1-17). Thus, Section 35-38-1-17, as amended, applies to Eastwood. According to Section 35-38-1-17(d), Eastwood is a "violent criminal" because he was convicted of child molesting. As a violent criminal, Eastwood may not file a petition for sentence modification more than 365 days after he was sentenced without the consent of the prosecuting attorney. Ind. Code Ann. § 35-38-1-17(k) (West Supp. 2016). Eastwood, however, filed his motions more than 365 days after he was sentenced. Because the State did not give its consent, the trial court properly denied Eastwood's motions to modify his sentence. We therefore affirm the trial court.

[6] Affirmed.

Bailey, J., and Robb, J., concur.