## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2017, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

William J. Woodford
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William J. Woodford,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 20, 2017

Court of Appeals Case No.
20A03-1612-CR-2812

Appeal from the
Elkhart Circuit Court

The Honorable
Terry C. Shewmaker, Judge

Trial Court Cause No.
20C01-9912-CF-140

**Kirsch, Judge.**

[1] Following remand from this court, William J. Woodford ("Woodford") appeals the trial court's order that modified his sentence placement. He raises the

following restated issue: whether the trial court abused its discretion when it denied Woodford's request to reduce or suspend his sentence by thirty years and, instead, ordered that the final twelve years be served on home detention.

We affirm.

## Facts and Procedural History

In 2016, our court outlined the facts and procedural history of Woodford's case as follows:

> In 2000, Woodford was convicted of Dealing in Cocaine, as a Class A felony, and Possession of a Controlled Substance, a Class D felony, and adjudicated a habitual offender. The trial court imposed an aggregate sentence of seventy years in the Indiana Department of Correction ("DOC"). In 2001, the Indiana Supreme Court affirmed his conviction. *Woodford v. State,* 752 N.E.2d 1278 (Ind. 2001), *cert. denied.* Woodford was subsequently denied post-conviction relief, and this Court affirmed the post-conviction court's order. *See Woodford v. State,* No. 20A04-0202-PC-69, 783 N.E.2d 803, slip op. (Ind. Ct. App. Jan. 17, 2003).[1]
>
> On July 13, 2009, Woodford filed a petition for sentence modification, which the trial court denied for lack of jurisdiction. On June 20, 2014, Woodford filed another petition for sentence modification, which the court denied for the same reason. The

---

[1] In this appeal, the State advises that Woodford filed a second post-conviction relief petition in June 2006, the post-conviction court denied that petition in February 2007, and this court affirmed the denial of the post-conviction relief petition in an unpublished decision on January 23, 2008. *Appellee's Br*. at 5 (citing *Woodford v. State*, No. 20A03-0703-PC-146 (Ind. Ct. App. Jan. 23, 2008)).

trial court also denied Woodford's petition for sentence modification filed July 21, 2014.

On September 28, 2015, Woodford filed a new petition for sentence modification and request to modify his placement to community corrections, drawing the court's attention to his age (sixty-one), educational achievements, and the fact that he had remained free of conduct violations during his nearly sixteen-year imprisonment. Specifically, Woodford asked the court "to reduce or suspend his sentence to forty (40) years and to place him in a community corrections work release program." The court initially denied the motion; however, it ordered the DOC to file a progress report and stated that "it may reconsider its ruling upon receipt of said report." After receiving and reviewing the report, the court scheduled a hearing on the motion.

A hearing was held December 10, 2015. On January 4, 2016, the trial court declined to reduce Woodford's sentence, but ordered that his final twelve years be served in community corrections on in-home detention, subject to his acceptance to the program.[2]

*Woodford v. State*, 58 N.E.3d 282, 283-84 (Ind. Ct. App. 2016) (footnotes and citations to record omitted) ("*Woodford* 2016").

---

[2] The record before us reflects that in the January 4, 2016 order, the trial court recognized Woodford's "long history of involvement with the law" that spanned from 1974 "up to and including his conviction for [the current] offenses in 1999 or 2000" and that "there have been controlled substance issues in addition to the Defendant's criminal history." *Appellant's App*. Vol. II at 50. While the trial court praised Woodford for his "positive endeavors while incarcerated" and congratulated Woodford on his exemplary conduct record, it determined that "[i]n light of the Defendant's lengthy criminal history, the Court will not suspend the Defendant's sentence[,]" but "will, however, modify the Defendant's placement for twelve years of his remaining sentence to [] Community Corrections[.]" *Id*. at 51.

[4] Woodford appealed the trial court's January 4, 2016 decision, which modified his sentence placement, but did not grant the full relief sought. In *Woodford* 2016, this court determined that it was unclear from the hearing transcript and the trial court's written order "whether the trial court was operating under the 2015 sentence modification statute when it modified Woodford's placement rather than reduce or suspend his sentence[,]" and it remanded "with instructions to hold a new hearing on Woodford's petition and consider it under the revised statute, Indiana Code § 35-38-1-17." *Id*. at 287-88.

[5] On November 17, 2016, in accordance with this court's directive in *Woodford* 2016, the trial court held another hearing on Woodford's petition. At the hearing, Woodford requested that the trial court recognize Woodford's efforts toward rehabilitation, including that he had received no conduct violations in over sixteen years of incarceration and that he had earned various educational achievements.[3] Woodford urged that his record of incarceration reflected that "the purposes of punishment and rehabilitation ha[d] been met." *Tr*. at 3. Woodford asked that the trial court suspend or reduce his seventy-year sentence by thirty years and place him in a community corrections work release program. The State objected to reducing Woodford's sentence to forty years.

---

[3] Woodford states on appeal that he (1) obtained a legal assistance/paralegal diploma from Blackstone Career Institute; (2) earned a Computer Operator Apprenticeship from the United States Department of Labor; (3) completed an Associate of Science Degree in Organizational Leadership from Grace College; and (4) had not received any conduct reports for violating a DOC rule since being incarcerated. *Appellant's Br*. at 9 (citing to *Appellant's Appendix* Vol. II at 28-31).

[6] At the hearing, the trial court commended Woodford on his positive incarceration record,[4] stating that it took that positive record into consideration when it previously modified Woodford's placement for the last twelve years of his sentence from DOC to home detention through the county community corrections program. The trial court explained:

> I believe you made the argument [that] I should reduce [your sentence] at the original hearing on the modification. If I did that, you would go to probation. And I remembered in your case that you had a serious drug addiction issue at the time this offense occurred.
>
> . . . [I]f you were on probation I was worried, because they only test you once a month for drug screening, I was concerned for you that the temptation might be too much. . . . I felt I could have, but I didn't do that. I chose not to do that.
>
> I chose the 12 year modification to community corrections, which is the largest modification I have ever made in my 18 years as judge, I believe. I chose that because they would test you more frequently and that was my concern for you.
>
> . . . I'm still convinced I'm right on that.

*Id*. at 6. After considering Woodford's petition under the 2015 version of the statute, as *Woodford* 2016 had instructed it to do on remand, the trial court declined to reduce or suspend Woodford's sentence as requested and restated its

---

[4] The trial court shared, "[F]or 18 years I've looked at progress reports; and I think yours is probably the best one I have seen for the longest period of incarceration." *Tr.* at 5.

prior decision to have Woodford serve the final twelve years of his sentence on home detention through a community corrections program. *Id*. at 7. The trial court's written order similarly stated, in part:

> [T]he Court ratifies its prior decision and modifies the placement of Mr. Woodford such that the final twelve (12) years of his sentence will be served at Elkhart County Community Corrections on the Home Detention Program with weekly or frequent drug testing to assure compliance with the rules of community corrections.

*Appellant's App.* at 22. Woodford, proceeding pro se, now appeals.[5]

# Discussion and Decision

Woodford asserts the trial court erred by denying his petition for sentence modification filed under Indiana Code section 35-38-1-17. We review a trial court's decision as to a motion to modify only for an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015), *trans. denied*; *Hobbs v. State,* 26 N.E.3d 983, 985 (Ind. Ct. App. 2015). An abuse of discretion has occurred when the court's decision was "clearly against the logic and effect of the facts and circumstances before the court." *Carr*, 33 N.E.2d at 359. Woodford claims that the trial court abused its discretion because it did not reduce or suspend his sentence and place him on work release, as Woodford had requested, and, instead, the trial court reaffirmed its prior decision to order that the final twelve

---

[5] As did our colleagues in *Woodford v. State*, 58 N.E.3d 282 (Ind. Ct. App. 2016), we commend Woodford on the quality of his appellate briefs. *Id*. at 287 n.10.

years be served through Elkhart Community Corrections in the Home Detention Program.

[8] In August 2016, this court remanded the matter to the trial court with instructions to consider Woodford's petition under Indiana Code section 35-38-1-17, which as amended effective May 2015, stated as follows:

> (e) At any time after:
>
> (1) a convicted person begins serving the person's sentence; and
>
> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.
>
> . . . .
>
> (h) The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions.

[9] Here, at the conclusion of the November 2016 remand hearing on Woodford's petition, the trial court stated that it had considered the 2015 statute as directed by *Woodford* 2016 and reaffirmed its position to modify the final twelve years of placement from the DOC to home detention. On appeal, Woodford refers us to discussion in *Woodford* 2016, where this court recognized the General

Assembly's efforts in 2014 to "comprehensively reform[]" the criminal code with the goals of reducing crime "by promoting evidence based best practices for rehabilitating offenders in a community setting" and "keep[ing] dangerous offenders in prison by avoiding the use of scarce prison space for nonviolent offenders[.]" 58 N.E.3d at 286. Woodford argues that the trial court's modified sentence was an abuse of discretion, urging that the State did not show that Woodford is not rehabilitated or poses a threat to society, and "prison resources could be better used for either violent offenders or offenders who are not rehabilitated[,] instead of for Woodford who is nonviolent and rehabilitated." *Reply Br.* at 6-7.

[10] In support of his position that the trial court abused its discretion by not granting him the full relief that he requested, Woodford asserts that it was not logical for the trial court to find that Woodford's prior drug addiction "permit[ted] placement on in-home detention [for] the final twelve years of his sentence but preclude[d] a reduction or suspension of the sentence to forty years and placement in a community corrections work release program." *Id.* at 6-7. His argument, however, mischaracterizes the trial court's ruling and explanation. The trial court did not suggest that it was "precluded" from suspending or reducing the sentence; rather, it chose not to, which was within its discretion. The trial court engaged in dialogue with Woodford about Woodford's serious drug addiction that existed at the time of trial and explained to Woodford its reasoning for choosing to place Woodford in the Home Detention Program, where he would undergo "weekly or frequent" drug

screening, which the trial court believed would be appropriate for Woodford. *Appellant's App.* at 21. The trial court stated its reasons on the record in support of its decision, as it was required to do under the statute. *See* Ind. Code § 35-38-1-17(e) (court may modify sentence as long as it incorporates its reasons in the record). In this case, after reviewing the petition on remand, the trial court declined to change its prior sentencing modification. Woodford has not proven that the trial court's decision was an abuse of discretion.

[11] Affirmed.

[12] Mathias, J., and Altice, J., concur.