## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2017, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Nathan D. Russell<br>Pendleton, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan D. Russell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 5, 2017<br><br>Court of Appeals Case No.<br>49A02-1704-CR-775<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia A. Gooden, Judge<br><br>Trial Court Cause No.<br>49G21-1201-FA-3252 |

**Bailey, Judge.**

# Case Summary

[1] Nathan D. Russell ("Russell") appeals the dismissal of his sentence modification petition based upon a lack of statutory compliance. Russell presents a sole issue for review: whether the trial court misinterpreted the statute governing sentence reductions, Indiana Code Section 35-38-1-17, to require a prosecutor's consent.[1] We affirm.

# Facts and Procedural History

[2] On July 9, 2012, Russell and the State executed a plea agreement whereby Russell agreed to plead guilty to Dealing in Cocaine or a Narcotic Drug, as a Class A felony,[2] and Possession of a Firearm by a Serious Violent Felon, as a Class B felony.[3] The trial court entered judgments of conviction and imposed an aggregate sentence of thirty years, with ten years suspended to probation.

[3] On March 15, 2017, Russell filed a motion for sentence modification, which was summarily dismissed by the trial court. This appeal ensued.

---

[1] When required, prosecutorial consent to a sentence modification is a procedural condition precedent to the court's exercise of authority. *Woodford v. State*, 58 N.E.3d 282, 283 n. 4 (Ind. Ct. App. 2016).

[2] Ind. Code § 35-48-4-1.

[3] I.C. § 35-47-4-5.

# Discussion and Decision

[4]    The trial court dismissed Russell's petition with the following language:

> The correspondence dated 3-17-17 [Petition for Modification] has been received by the Court but not reviewed as it does not comply with the Indiana Rules of Trial Procedure.

(App. Vol. II, pg. 11.)

[5]    It appears that the trial court believed that it lacked authority to entertain Russell's petition. No hearing was conducted and the trial court did not state more specific reasons for the disposition of Russell's petition. Russell asserts, and the State agrees, that the trial court interpreted Indiana Code Section 35-38-1-17 to require prosecutorial consent to Russell's petition.

[6]    To the extent that an issue of statutory interpretation is raised, we observe that the primary goal in statutory interpretation is to ascertain and give effect to the legislature's intent. *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008). The language of the statute is the best evidence of that intent. *Id.*

[7]    Russell argues that, in amending Indiana Code Section 35-38-1-17, "our legislature eliminated the need for the Prosecuting Attorney's approval." Appellant's Brief at 3. "Indiana's sentence modification statute was substantially amended in 2014 as part of a broad overhaul of the criminal code." *Woodford v. State*, 58 N.E.3d 282, 284-85 (Ind. Ct. App. 2016). This Court had previously held that the 2014 statute did not apply to offenders convicted or sentenced before the statute's effective date. *Id.* at 285 (citing

*Swallows v. State*, 31 N.E.3d 544 (Ind. Ct. App. 2015), *trans. denied*; *Hobbs v. State*, 26 N.E.3d 983 (Ind. Ct. App. 2015)). However, in 2015, our General Assembly clarified that the sentence modification statute "applies to a person who: (1) commits an offense; or (2) is sentenced before July 1, 2014." I.C. § 35-38-1-17(a) (Supp. 2015). As such, the 2015 amendment was intended to cure a defect or mischief that existed in a prior statute and was remedial. *Woodford*, 58 N.E.3d at 285.

[8] The sentence modification statute now provides in relevant part:

> (e) At any time after:
>
> (1) a convicted person begins serving the person's sentence; and
>
> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

I.C. § 35-38-1-17(e). The 2015 amendment also permits a convicted person who is not a violent criminal to file two petitions for sentence modification without first obtaining the consent of the prosecuting attorney. I.C. § 35-38-1-17(j)(2).

[9] Under this statutory scheme, a person who is classified as a violent criminal is not relieved of the obligation of obtaining prosecutorial consent for petitions

filed more than one year after sentencing.[4]  Subsection (d)(14) defines "violent criminal" for purposes of Indiana Code Section 35-38-1-17 to include "a person convicted of … Unlawful possession of a firearm by a serious violent felon (IC 35-47-4-5)."  Russell is a violent criminal, having been convicted of Possession of a Firearm by a Serious Violent Felon.  Lacking the requisite consent, Russell did not file a petition upon which relief could be granted.  When relief cannot be afforded under the statute, dismissal is appropriate.  *See Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015).

[10]  Affirmed.

Baker, J., and Altice, J., concur.

---

[4] One petition may be filed within 365 days without prosecutorial consent.