## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 06 2017, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Oscar F. Lopez
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Oscar F. Lopez,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | October 6, 2017<br><br>Court of Appeals Case No.<br>20A05-1704-CR-744<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Michael A. Christofeno, Judge<br><br>Trial Court Cause No.<br>20C01-0906-FA-15 |

**Mathias, Judge.**

[1]     Oscar Lopez ("Lopez") appeals pro se the Elkhart Circuit Court's denial of his motion to modify his sentence.

[2] We affirm.

## Facts and Procedural History

[3] On January 8, 2010, Lopez pleaded guilty to two counts of Class A felony dealing in cocaine. For each count, the trial court ordered Lopez to serve concurrent terms of thirty-five years with ten years suspended to probation.

[4] Prior to the motion at issue in this appeal, Lopez unsuccessfully filed motions to modify his sentence and/or placement in October 2012, January 2014, March 2014, February 2015, March 2015, December 2015, and January 2016. On February 3, 2017, Lopez filed his eighth motion to modify his sentence.

[5] In his motion, Lopez asked the trial court to allow him to serve the remainder of his sentence on probation.[1] Lopez listed the programs he had participated in during his incarceration and explained that he "made substantial efforts to rehabilitate [himself] during the term of [his] incarceration." Appellant's App. p. 13. Lopez, who is not a United States citizen, also argued that it would "be in the best interest of this court and the State of Indiana to grant [his] request for modification of placement" because he has "an immigration hold." *Id*.

---

[1] Lopez informed the trial court that the remaining executed portion of his sentence was three years and four months.

Upon receiving the motion, the trial court ordered a progress report from the Department of Correction. The trial court reviewed the report and denied Lopez's motion to modify his sentence and/or placement. Lopez now appeals.

## Discussion and Decision

We review a trial court's decision to deny a motion to modify a sentence only for an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358–59 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs only when the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court." *Id*. at 359. Lopez argues that the trial court abused its discretion when it denied his motion to modify his sentence and/or placement because he has completed rehabilitative programs during his incarceration and is not in need of further rehabilitation.

A trial judge generally has no authority over a defendant after sentencing. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015) (citing *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014)), *trans. denied*. One exception is Indiana Code section 35-38-1-17, which gives trial courts authority under certain circumstances to modify a sentence after it is imposed. *Id*.

Indiana Code section 35-38-1-17 was amended in 2015 to provide that it applies to defendants who committed their offenses or were sentenced before July 1, 2014. *See* P.L. 164-2015, § 2 (effective May 5, 2015); *see also Woodford v. State*, 58 N.E.3d 282, 285 (Ind. Ct. App. 2016) (discussing history of section 35-38-1-17). Thus, Section 35-38-1-17, as amended, applies to Lopez.

[10] After a convicted person begins serving his sentence and the court obtains a report concerning the convicted person's conduct while imprisoned, the statute allows a trial court to "reduce or suspend the [convicted person's] sentence and impose a sentence that the court was authorized to impose at the time of sentencing." I.C. § 35-38-1-17(e). However, the trial court's authority to modify the convicted person's sentence is limited by subjection (j)(2) of the statute. Subjection (j) provides:

> A convicted person who is not a violent criminal may file a petition for sentence modification under this section:
>
> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and
>
> (2) a maximum of two (2) times during any consecutive period of incarceration;
>
> *without the consent of the prosecuting attorney.*

I.C. § 35-38-1-17(j) (emphasis added).[2]

[11] The appealed motion to modify is the third motion that Lopez has filed since May 5, 2015, the effective date of the last amendment to the statute.[3] Therefore, Lopez was not permitted to file a motion without consent of the prosecuting

---

[2] Lopez is classified a nonviolent criminal under the statute. I.C. § 35-38-1-17(d).

[3] In *Woodford v. State*, 58 N.E.3d 282 (Ind. Ct. App. 2016), our court held that the limitation imposed under subjection (j) applies only to petitions for sentence modifications filed after May 5, 2015, the effective date of the amendment. *Id.* at 286–87 (rejecting the State's argument that the trial court lacked authority to entertain Woodford's petition because the three petitions he filed before May 5, 2015, should count against the limits imposed in section 35-58-1-17(j)).

attorney. I.C. § 35-38-1-17(j); *Woodford*, 58 N.E.3d at 283 n.4 (stating that when it is required under section 35-38-1-17(j), prosecutorial consent to a sentence modification is a procedural condition precedent to the court's exercise of authority under the statute). Because the State did not give its consent, the trial court properly denied Lopez's motion to modify his sentence.

[12] Affirmed.

Vaidik, C.J., and Crone, J., concur.