## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ruth Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Wise Sr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2941<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Steven R. Nation,<br>Judge<br><br>Trial Court Cause No.<br>29D04-1412-FC-9933 |

**Bradford, Judge.**

# Case Summary

[1]     In 2015, Michael Wise Sr. was sentenced to an aggregate sixteen-year term of incarceration. He appeals from the denial of a motion to modify his placement. This is the fourth time Wise's case has come before the court. We have previously affirmed (1) his conviction for Class C felony check fraud, (2) the denial of his request for additional credit time, and (3) the denial of his request to modify his sentence. In the instant appeal, Wise contends that the trial court abused its discretion by denying his request to modify his sentence by altering his placement. We affirm.

# Facts and Procedural History

[2]     In June of 2014, Wise used a number of checks from a closed PNC Bank account to purchase certain auto-related items. *Wise v. State*, 29A02-1509-CR-1377 *2 (Ind. Ct. App. May 13, 2016) ("*Wise I*"). In July of 2015, Wise was convicted of Class C felony check fraud and was found to be a habitual offender. *Id.* at *2. Wise was subsequently sentenced to an aggregate sixteen-year sentence. *Id.* Wise's conviction was affirmed on appeal. *Id.* at *6.

[3]     In August of 2016, Wise sought post-conviction relief.[1] In August of 2017, he filed a motion for additional credit time, which was denied by the trial court. We affirmed the denial of Wise's motion in a memorandum decision dated

---

[1] It appears that at least part, if not all, of Wise's petition has been denied.

January 30, 2019.  *See Wise v. State*, 29A02-1710-CR-2385 *2 (Ind. Ct. App. Jan. 30, 2019) ("*Wise II*").

[4]     On July 18, 2018, Wise filed a "Motion to Modify Sentence" ("First Motion to Modify").  The trial court denied the First Motion to Modify on August 1, 2018.

[5]     On September 14, 2018, Wise filed a "Motion to Modify Placement" ("Second Motion to Modify"), which is the motion at issue in this appeal.  The trial court denied the Second Motion to Modify on September 26, 2018.

[6]     On November 15, 2018, Wise filed a "Motion for Placement in the Purposeful Incarceration Program" ("Third Motion to Modify"), which the trial court denied on November 29, 2018.  We affirmed the denial of the Third Motion to Modify in a memorandum decision dated May 31, 2019.  *Wise v. State*, 18A-CR-3141 *6 (Ind. Ct. App. May 31, 2019) ("*Wise III*").

# Discussion and Decision

[7]     At the outset, we note that in challenging the denial of his Second Motion to Modify, Wise contends that the trial court "mistakenly considered" the motion as a request to modify his sentence.  Appellant's Br. p. 10.  In raising this contention, Wise argues that his request should not have been treated as a motion to modify his sentence because he was only requesting that his placement be changed from the Department of Correction ("DOC") to community corrections.  We have previously rejected this argument,

concluding that "[i]f after sentencing, a defendant requests to modify his placement and be allowed to serve his sentence in a community corrections program, this is a request for a modification of sentence under Ind. Code § 35-38-1-17." *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001); *see also Woodford v. State*, 58 N.E.3d 282, 284 n.6 (Ind. Ct. App. 2016). The trial court, therefore, properly treated the Second Motion to Modify as a motion for a sentence modification.

[8] Also, as they did in *Wise III*, the parties dispute which version of Indiana Code section 35-38-1-17 applies to Wise's motion. Wise argues that the version of the statute in effect prior to July 1, 2014 applies and the State argues that the current version of the statute applies. For the reasons we stated in *Wise III*, we agree with the State that the current version of the statute applies. *See Wise III*, 18A-CR-3141 *5 (noting that the current version of Indiana Code section 35-38-1-17 applies to a person who commits an offense prior to July 1, 2014, and Wise committed the underlying offense at issue in June of 2014).

[9] The current version of Indiana Code section 35-38-1-17 provides, in relevant part:

> (j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent criminal may file a petition for sentence modification under this section:
>> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and
>> (2) a maximum of two (2) times during any consecutive period of incarceration;

without the consent of the prosecuting attorney.

[10] As is noted above, Wise has filed three motions to modify his sentence. Wise's motions are subject to the limitations imposed in Indiana Code section 35-38-1-17(j). The Second Motion to Modify, which is at issue in this appeal, was filed without the consent of the prosecuting attorney approximately two months after the First Motion to Modify. As such, it exceeded the restrictions of Indiana Code section 35-38-1-17(j) which limit a non-violent offender to "not more than one" request to modify his sentence "in any three hundred sixty-five (365) day period" without the consent of the prosecuting attorney. Because Wise exceeded the authorized number of filings, we conclude that the trial court did not abuse its discretion by denying Wise's motion.

[11] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.