**Michael Dean ROBINETT,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0302–PC–65.**

Court of Appeals of Indiana.

Nov. 14, 2003.

538

Michael Dean Robinett, Pendleton, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Michael Dean Robinett appeals the trial court's denial of his motion to reduce his sentence. Robinett raises two issues, of which we need address only one: whether the trial court abused its discretion when it summarily denied his motion under Ind. Code § 35–38–1–17(b) without a hearing and without a response from the prosecuting attorney. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 1991, then seventeen-year-old Robinett shot and killed someone during the course of a robbery. He pled guilty to murder under a plea agreement that provided, in pertinent part:

COMES NOW Stephen M. Sims, Prosecuting Attorney, 38th Judicial Circuit, State of Indiana, pursuant to I.C. 35–35–3–3, and respectfully notifies the Court that upon a plea of guilty by the defendant to Count III, Felony Murder, the State recommends:

1. That said sentence shall be thirty (30) years executed;

2. That the Court shall have full authority to impose a fine as it deems proper;

3. That the Court shall have full authority to order restitution as it deems appropriate;

4. At sentencing in Count III, Felony Murder, the State of Indiana will dismiss Count I, Murder, and Count II, Robbery, charged as a Class C Felony.

(App. at 59.) The trial court accepted the plea and sentenced Robinett to thirty years.

In 2003, Robinett filed a "Motion to Modify Conviction and Sentence." (*Id.* at 3.) The court denied the motion the day after it was filed. It is this denial that Robinett appeals.

## DISCUSSION AND DECISION

Robinett filed his motion to modify sentence under Ind.Code § 35–38–1–17(b), which provides, in pertinent part:

If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney.

▮▮ Robinett claims the trial court erred by denying his motion without a hearing and without providing the prosecuting attorney time to respond to the motion. However, Indiana law does not require the trial court to hold a hearing or give notice to the prosecutor of a motion to modify a sentence under Ind.Code § 35–38–1–17. "The requirements for notice [to the prosecuting attorney] and hearing of a petition for reduction or suspension of sentence [under Ind.Code § 35–38–1–17] are imposed only when the trial court has

made a preliminary determination to suspend or reduce the sentence." *Reichard v. State,* 510 N.E.2d 163, 167 (Ind.1987) (discussing Ind.Code § 35–38–1–17(a)).[1] Consequently, the trial court was not required to hold a hearing or wait for the prosecutor's response if it was going to deny Robinett's motion. *See id.*

▮▮ Nor did the trial court abuse its discretion by denying Robinett's motion for modification of sentence. Robinett's plea agreement provided he would receive a thirty-year sentence, and pursuant to his guilty plea, the trial court sentenced Robinett to thirty years. Our supreme court has explained why trial courts may not modify sentences in these circumstances:

Plea agreements between criminal defendants and prosecutors are designed to induce the defendant to plead guilty, typically in return for a promise of less than the maximum sentence. As we observed in [*State ex rel. Goldsmith v. Superior Court,* 275 Ind. 545, 419 N.E.2d 109 (1981)], a plea agreement is contractual in nature, binding the defendant, the state and the trial court. *See also Thompson* [*v. State*], 617 N.E.2d [576,] 578 [Ind.Ct.App.(1993)]. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: "If the court accepts a plea agreement, it shall be bound by its terms." Ind.Code Ann. § 35–35–3–3(e) (West Supp.1993).

As the statute suggests, the trial court may at its discretion reject the plea

---

1. Ind.Code § 35–38–1–17(a) provides:
   Within three hundred sixty-five (365) days after:
   (1) The defendant begins serving his sentence;
   (2) A hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

   (3) Obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;
   the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

agreement and try the case or consider any new plea agreement the parties negotiate. Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing. Even after a sentence has been imposed pursuant to a plea agreement containing a recommendation of a specific term of years, that sentence may not be altered upon subsequent motion, such as under Ind.Code § 35–38–1–23 for "shock probation," unless the agreement contained a specific reservation of such authority for the trial judge. *Goldsmith*, 275 Ind. at 551–52, 419 N.E.2d at 114.

*Goldsmith* and its progeny each uphold the principle that a deal is a deal. Once it has accepted a plea agreement, the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later. *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind.1994). Because the court sentenced Robinett to the number of years provided in his plea agreement,[2] the court had no authority to reduce that sentence. *See id.*

Because the trial court had no authority to modify Robinett's sentence, the trial court did not abuse its discretion when it denied his motion.[3] Because the court had to deny Robinett's motion, it did not abuse its discretion by failing to give the prosecutor time to respond to the motion or by failing to hold a hearing on the motion.

Affirmed.

BARNES, J., and DARDEN, J., concur.

---

**2.** In his argument, Robinett makes much ado about a "recommendation" made at the time of his sentencing by the State wherein the State requested Robinett be placed at the Correctional Industrial Complex because "placement in an educational/training facility such as CIC may well be of the greatest benefit to Mr. Robinett and to society." (App. at 61.) However, placement of Robinett at such a facility was not one of the conditions listed in his plea agreement. (*See id.* at 59.) Accordingly, the terms of his plea agreement are not being violated by the failure to place him in such a facility.

**3.** The second issue Robinett raises in his brief is whether requiring him to complete his thirty-year sentence constitutes cruel and unusual punishment forbidden by the Eighth Amendment to the United States Constitution. As violation of the Eighth Amendment was one of the reasons Robinett believed the trial court should modify his sentence under Ind. Code § 35–38–1–17(b), and as the trial court did not have any authority to modify Robinett's sentence under that code section, we need not address this issue.