APPELLANT PRO SE

Ivan Vazquez
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Jun 23 2015, 1:13 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

Ivan Vazquez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 23, 2015

Court of Appeals Case No.
79A02-1501-CR-47

Appeal from the Tippecanoe Superior Court

The Honorable Thomas A. Busch, Judge

Case No. 79D02-0308-FA-24

**Vaidik, Chief Judge.**

# Case Summary

Ivan Vazquez began serving a forty-five-year sentence for felony drug convictions in 2005. Between 2010 and 2014, Vazquez filed three sentence-modification petitions as well as a motion to correct errors, all of which the trial court denied. Vazquez, proceeding pro se, now appeals. One of Vazquez's claims is that the recently amended sentence-modification statute—Indiana Code section 35-38-1-17—applies to him. Although this Court previously held that Section 35-38-1-17 had no retroactive application, the legislature recently amended the statute to expressly provide for retroactivity; thus, the amended statute does apply to Vazquez. This fact aside, the amended statute does not entitle Vazquez to any relief. We find no error, and we therefore affirm.

# Facts and Procedural History

In 2004 Vazquez pled guilty to Class A felony dealing in cocaine and Class A felony conspiracy to commit dealing in cocaine. The trial court sentenced Vazquez to fifty years in the Indiana Department of Correction, with five years suspended to probation. We affirmed Vazquez's sentence on appeal. *Vazquez v. State*, 839 N.E.2d 1229 (Ind. Ct. App. 2005), *trans. denied*. Vazquez later sought post-conviction relief, which the post-conviction court denied, and we affirmed. *Vazquez v. State*, No. 79A02-1207-PC-545 (Ind. Ct. App. Sept. 19, 2013), *trans. denied*.

[3] Vazquez filed his first sentence-modification petition in the trial court in November 2010. Appellant's App. p. 4 (CCS). The trial court denied Vazquez's petition. *Id.* Approximately four years later, in July 2014, Vazquez filed his second sentence-modification petition, which was also denied. *Id.* at 3. Just three months later, in October 2014, Vazquez filed a third petition to modify his sentence. *Id.* The trial court dismissed this petition as untimely, noting that Vazquez could refile on or after July 11, 2015. *Id.* at 18. Finally, Vazquez filed a motion to correct errors in November 2014, which the trial court denied. *Id.* at 2.

[4] Vazquez, proceeding pro se, now appeals.

# Discussion and Decision

[5] Vazquez makes a number of arguments on appeal, which we restate as: 1) the trial court was biased against him; 2) the trial court lacked jurisdiction to rule on his sentence-modification petitions and motion to correct errors; and 3) the recently amended sentencing-modification statute should apply to him.

[6] Vazquez's arguments, which amount to a single paragraph of his Appellant's Brief, are difficult to follow and largely unsupported by authority. *See* Appellant's Br. p. 5. When Vazquez cites authority, he does so without explaining how it applies to his case, and he fails to cite any portion of the record that might be relevant to his claims. *See* Ind. Appellate Rule 46(A)(8)(a) (the argument section of an appellant's brief "must contain the contentions of

the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . .”). However, because we prefer to decide cases on the merits whenever possible, we will nonetheless address Vazquez's claims.

[7] Vazquez first asserts that the trial court—which heard his sentence-modification petitions and motion to correct errors—was biased against him. A trial before an impartial judge is an essential element of due process. *Stellwag v. State*, 854 N.E.2d 64, 65 (Ind. Ct. App. 2006). The law presumes that a judge is unbiased and unprejudiced. *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002). However, this presumption may be rebutted if the defendant can establish from the judge's conduct an actual bias or prejudice that places the defendant in jeopardy. *Id.* Vazquez falls far short of rebutting this presumption; in fact, he provides absolutely no evidence to support his bias claim. As for his suggestion that the court was without jurisdiction to rule on his sentence-modification petitions and motion to correct errors, he appears to base this claim on the fact that there had previously been “a change of venue from [the] biased and believed-to-be-unfair judge . . . .” Appellant's Br. p. 5. Yet the record reflects no change of venue, nor any other procedural mechanism that would deprive the trial court of jurisdiction as Vazquez claims.

[8] Finally, Vazquez suggests that the recently amended sentencing-modification statute applies to him.[1] Vazquez invokes Indiana Code section 35-38-1-17, which was amended in July 2014 and May 2015. This Court previously held that the amended statute had no retroactive application. *See Swallows v. State*, --- N.E.3d --- (Ind. Ct. App. 2015); *Hobbs v. State*, 26 N.E.3d 983 (Ind. Ct. App. 2015). But the legislature has since amended the statute to expressly provide for retroactivity. Effective May 5, 2015, the amended statute now "applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." *See* Ind. Code § 35-38-1-17(a); P.L.164 – 2015.

[9] In light of the legislature's clear intent that the statute be applied retroactively, we agree with the State that the amended statute applies to Vazquez, whose appeal was pending when the retroactivity amendment went into effect. *See* Appellee's Br. p. 7-8. But the amended statute does not entitle Vazquez to any relief. The trial court denied Vazquez's sentence-modification petition because it was untimely—it was filed just three months after his last petition; as a result, the trial court dismissed it and noted that Vazquez could refile on or after July 11, 2015. The amended statute mandates this result. *See* Ind. Code § 35-38-1-17(j)(1) ("A convicted person who is not a violent criminal may file a petition for sentence modification under this section . . . not more than one (1) time in any three hundred sixty-five (365) day period . . . ."). Moreover, under the

---

[1] Specifically, Vazquez discusses the portion of the amended statute that eliminates the prosecutor's ability to veto sentence-modification petitions. But as explained below, the amended statute offers Vazquez no relief.

amended statute, Vazquez was entitled to file a modification petition "a maximum of two (2) times during any consecutive period of incarceration . . . ." I.C. § 35-38-1-17(j)(2). Because Vazquez's petition was untimely and exceeded the authorized number of filings, the trial court properly dismissed it.

[10]     Affirmed.

Kirsch, J., and Bradford, J., concur.