## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 17 2016, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

John R. Northern
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John R. Northern,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 17, 2016

Court of Appeals Case No.
56A03-1510-CR-1614

Appeal from the Newton Superior Court

The Honorable Daniel J. Molter, Judge

Trial Court Cause No.
56D01-1104-FA-2

**May, Judge.**

John R. Northern, *pro se*, appeals the denial of his motion to modify his sentence. The State agrees the trial court erred by denying his motion without considering its merits. We reverse and remand.

## Facts and Procedural History

On April 13, 2011, the State charged Northern with two counts of Class A felony dealing in methamphetamine[1] and one count of Class C felony possession of chemical reagents or precursors with intent to manufacture methamphetamine.[2] On December 14, 2011, a jury found Northern guilty of all three crimes. Prior to sentencing, the State moved to vacate the possession of reagents conviction, and the trial court granted that motion. In January 2012, the court imposed a thirty-year sentence, with ten years suspended to probation. Northern appealed his conviction and sentence, and we affirmed in an memorandum decision. *Northern v. State*, 979 N.E.2d 190 (Ind. Ct. App. 2012), *trans. denied*.

On July 6, 2015, Northern filed a *pro se* motion for modification of his sentence. The State objected. The court held a hearing and then denied the motion after finding it had "no authority to act on the Defendant's Motion without the consent of the State of Indiana and therefore denies the Defendant's Motion for

---

[1] Ind. Code § 35-48-4-1.1(a)(1) (2006).

[2] Ind. Code § 35-48-4-14.5(c) (2006).

Modification of Sentence or Alternative Sentence." (App. at 18.) Northern filed a motion to reconsider, which the trial court also denied.

## Discussion and Decision

[4] Northern argues, and the State agrees, that the trial court erred when it determined it needed the prosecutor's consent to consider the merits of Northern's motion to modify his sentence. In light of statutory amendments that became effective just before Northern filed his petition, we agree the trial court erred.

[5] Generally we review denial of a motion to modify a sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). However, we "review matters of statutory interpretation *de novo* because they present pure questions of law." *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011), *reh'g denied*.

[6] At issue in this case is Indiana Code § 35-38-1-17, which defines when a trial court has authority to modify a sentence. In 2013, the statute provided a defendant who had served more than 365 days of his sentence could move to have his sentence modified by the trial court, "*subject to the approval of the prosecuting attorney*." Ind. Code § 35-38-1-17(b) (2013) (emphasis added). Thus, if the prosecutor did not approve, the trial court had no authority to modify a sentence.

[7] Effective July 1, 2014, our legislature eliminated the need for the prosecuting attorney's approval. *See* Ind. Code § 35-38-1-17(c) (2014) (providing, after

defendant has served 365 days, court has authority to reduce or suspend sentence to a sentence available at the time of sentencing and "court must incorporate its reasons in the record"). However, another statute that also took effect in 2014 made the new version of Indiana Code § 35-38-1-17 inapplicable to "(1) penalties incurred; (2) crimes committed; or (3) proceedings begun; before [July 1, 2014]. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if [the new sentencing laws] had not been enacted." Ind. Code § 1-1-5.5-21(a) (2014). Accordingly, if Northern, who was sentenced in 2012, had petitioned for sentence modification in 2014, the court could not have modified his sentence without the prosecutor's approval. *See*, *e.g.*, *Swallows v. State*, 31 N.E.3d 544, 547 (Ind. Ct. App. 2015) (holding defendant sentenced in 1989 had no right to sentence modification without prosecutor's approval under 2014 version of Ind. Code § 35-38-1-17), *trans. denied*, *superseded by statutory amendment*.

[8] Then, however, the legislature passed Public Law 164-2015, which took effect May 5, 2015. That law amended Indiana Code § 35-38-1-17 to explicitly provide the sentencing relief available therein applied retroactively to "a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." Ind. Code § 35-38-1-17(a) (2015); *see also Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015) (discussing statutory change). As such, Northern, who was sentenced in 2012, became eligible to petition the trial court for reduction or suspension of his sentence without the approval of the prosecuting attorney. *See* Ind. Code § 35-38-1-17 (2015). Therefore, as Northern argues, and the State

concedes, the trial court erred when it denied Northern's motion based solely on the lack of prosecutorial approval.

## Conclusion

[9] We reverse the denial of Northern's motion for modification of his sentence, and we remand for the trial court to consider the merits of Northern's petition.

[10] Reversed and remanded.

Baker, J., and Brown, J., concur.