## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2016, 11:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wendy J. Jordan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 24, 2016

Court of Appeals Case No.
33A01-1511-CR-1926

Appeal from the Henry Circuit Court

The Honorable Mary G. Willis, Judge

Trial Court Cause No.
33C01-0803-FA-15

**Najam, Judge.**

# Statement of the Case

Wendy Jordan appeals the trial court's denial of her petition for modification of her sentence. Jordan presents a single issue for our review, namely, whether the trial court abused its discretion when it denied her petition. We affirm.

# Facts and Procedural History

On August 28, 2008, Jordan pleaded guilty to possession of cocaine, as a Class A felony, and, in exchange for her plea, the State dismissed two other felony charges. Jordan's plea agreement provided for a twenty-year sentence in the Department of Correction. The trial court accepted Jordan's guilty plea and sentenced her to twenty years executed.

On November 18, 2009, and on September 26, 2013, Jordan filed petitions for the modification of her sentence, and the trial court denied those petitions. On July 16, 2015, Jordan filed her third petition for modification of her sentence, and the prosecutor objected. The trial court denied that petition following a hearing. This appeal ensued.

# Discussion and Decision

Jordan contends that the trial court abused its discretion when it denied her third petition for modification of her sentence. In particular, Jordan maintains that the trial court erroneously concluded that it did not have authority to modify her sentence because she had agreed to the twenty-year sentence pursuant to her plea agreement. We do not address that issue, however, because Jordan's petition, her third, was prohibited by statute.

Indiana Code Section 35-38-1-17(j) (2015)[1] provides in relevant part that a convicted person who, like Jordan, is not a violent criminal may file a petition for sentence modification under this section "a maximum of two (2) times during any consecutive period of incarceration" without the consent of the prosecutor. Here, because Jordan appeals from the denial of her *third* petition for modification of her sentence and the prosecutor objected to the petition, the trial court properly denied it. *See, e.g.*, *Vazquez*, 37 N.E.3d at 964 (holding in relevant part that defendant's third petition for modification of sentence was properly dismissed because it "exceeded the authorized number of filings").

Affirmed.

Robb, J., and Crone, J., concur.

---

[1] Effective May 5, 2015, Indiana Code Section 35-38-1-17 was amended and "applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." Thus, the statute, as amended, applies to Jordan. *See Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015).