## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2018, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael W. Soule
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael W. Soule,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 27, 2018

Court of Appeals Case No.
35A02-1704-CR-951

Appeal from the
Huntington Circuit Court

The Honorable
Thomas M. Hakes, Judge

Trial Court Cause No.
35C01-0811-FC-63

**Kirsch, Judge.**

In April 2009, Michael W. Soule ("Soule") pleaded guilty to Class D felony forgery[1] and Class D felony aiding in theft,[2] and the trial court sentenced him to seven years on the forgery conviction and to two and one-half years on the aiding in theft conviction, to be served concurrent with each other but consecutive to a sentence in Noble County. Soule filed a Motion for Direct Placement to GPS and Daily Reporting, asking the trial court to modify his sentence from prison to GPS monitoring, and the trial court denied his motion. Soule, pro se, appeals and raises two issues that we consolidate and restate as: whether the trial court abused its discretion when it denied Soule's Motion for Direct Placement to GPS and Daily Reporting.[3]

We affirm and remand.

## Facts and Procedural History

Prior to filing his Motion for Direct Placement to GPS and Daily Monitoring, Soule had filed a number of requests with the trial court seeking modification of

---

[1] *See* Ind. Code § 35-43-5-2.

[2] *See* Ind. Code §§ 35-43-4-2, 35-41-2-1.

[3] The State cross-appeals and raises one issue: whether Soule's appeal should be dismissed because he is appealing from a void trial court order. The State argues that, when Soule filed this appeal, he had a prior appeal pending; specifically, the instant appeal was filed *after* the Clerk's Record in the prior appeal was complete in January 2017 and *before* that appeal was dismissed in May 2017. Therefore, the State argues, the trial court's March 2017 order from which he now appeals was void because the trial court was without jurisdiction to issue it. *Appellee's Br*. at 7-8. The State acknowledges that it previously filed with this Court a Motion to Dismiss Soule's appeal, asking us to dismiss the appeal, in part on this same basis. After Soule filed a response to the State's Motion to Dismiss, the motions panel of this court denied the State's Motion to Dismiss. We decline to revisit the decision of our motions panel, and, rather, will address Soule's appeal on its merits.

his sentence. On March 11, 2010, Soule filed a Motion to Have Consecutive Sentences Served Concurrently to the Noble County sentence, and the trial court denied Soule's motion on March 12, 2010. On October 14, 2011, Soule filed a Petition for Placement in a Post-Conviction Diversion Program, and the trial court denied it on October 20, 2011. On May 12, 2012, Soule filed a Pleading Requesting Court to Remove Consecutive Part of Sentence, and the trial court denied the motion on May 3, 2012. In August 2016, Soule filed correspondence that requested placement on home detention; according to Soule, it was considered ex-parte communication and returned to him "un-read," the State did not respond, and the trial court did not rule on the request. *Appellant's Br*. at 4. On November 3, 2016, Soule filed a Motion for Modification of Sentence. The State filed an opposition, and, on November 21, 2016, the trial court denied Soule's Motion for Modification of Sentence. On December 20, 2016, Soule filed a notice of appeal with this court of the trial court's denial. In January 2017, the Notice of Completion of Clerk's Record was issued, and in May 2017, Soule's appeal was dismissed with prejudice because he failed to file an Appellant's Brief.

[4] Meanwhile, on March 9, 2017, Soule filed in the trial court his Motion for Direct Placement to GPS and Daily Reporting, which is at issue in this appeal. The trial court treated Soule's Motion as a motion for modification of sentence and forwarded Soule's motion to the State for response. The State filed a response, opposing Soule's motion. The State asserted that Soule's Motion for Direct Placement to GPS and Daily Reporting was, in fact, a motion for

sentence modification, and it "represents his sixth request for a sentence modification." *Appellant's App. Vol. 2* at 15.  The State argued:

> Given that the Defendant has filed five (5) previous petitions to modify his sentence during his consecutive period of incarceration, he was required to obtain the consent of the Prosecuting Attorney before filing this petition to modify his sentence.  The Prosecuting Attorney does not consent to the Defendant filing his petition to modify.

*Id.*  On March 29, 2017, the trial court issued an order summarily denying Soule's Motion for Direct Placement to GPS and Daily Reporting.  *Id.* at 10.  Soule now appeals.

## Discussion and Decision

Soule contends that the trial court erred when it did not modify his sentence.  A trial court's decision regarding the modification of a sentence is reviewed on appeal for an abuse of discretion.  *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015), *trans. denied*.  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law.  *Id.* at 359.  To the extent that the issue presented here is one of statutory interpretation, we review the matter *de novo*.  *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*.

A trial court generally retains no authority over a defendant after sentencing.  *Id.* (citing *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014)).  One exception is

Indiana Code section 35-38-1-17 ("the modification statute"), which gives trial courts authority under certain circumstances to modify a sentence after it is imposed. *Id.* The sentence modification statute provides, in pertinent part:

> (e) At any time after:
>
>> (1) a convicted person begins serving the person's sentence; and
>>
>> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(e).

[7]    Soule does not disagree that his Motion for Direct Placement to GPS and Daily Reporting constitutes a motion for sentence modification or that he had previously filed five requests for sentence modification. Rather, he argues that, pursuant to subjection (j)(2) of the sentence modification statute, he was not required to obtain the prosecutor's approval before filing his motion. Subsection (j) reads:

> (j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent criminal may file a petition for sentence modification under this section:

> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and
>
> (2) a maximum of two (2) times during any consecutive period of incarceration;

without the consent of the prosecuting attorney.

[8] Soule's argument on appeal is that subsection (j)(2) imposes a two-motion limit, after which a defendant must obtain the prosecutor's approval, and, he claims, he had not reached that two-motion limit and, thus, did not need prosecutor approval. He explains that three of his motions were filed before subsection (j)(2) became effective, and another filing was not considered because it was deemed to be ex-parte communication, and, therefore, those four requests "do not count toward Soule's two-motion limit," such that he had only filed one motion for modification and could file another – the present one – without the prosecutor's approval. *Appellant's Br.* at 7-8.

[9] Soule is correct that, in 2014, the sentence modification statute was amended, as part of a larger overhaul of the criminal code, and allowed nonviolent offenders "to twice pursue sentence modification without obtaining the prosecuting attorney's consent." *Woodford v. State*, 58 N.E.3d 282, 286 (Ind. Ct. App. 2016). In 2015, our General Assembly clarified that the sentence modification statute "applies to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." *Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015). Thus, the sentence modification statute, as amended, applies to

Soule, and under Indiana Code section 35-38-1-17(j)(2), he may seek modification twice during the duration of his sentence without obtaining the prosecutor's consent.[4] However, the modification statute expressly prohibits defendants from filing more than one motion for modification within a 365-day period without the consent of the prosecutor. Ind. Code § 35-38-1-17(j)(1) (stating nonviolent criminal may file petition for sentence modification not more than one time in any 365-day period without consent of prosecuting attorney).

[10] Here, Soule's Motion for Direct Placement to GPS and Daily Reporting was the second motion to modify sentence that he filed in less than one year, having filed one in November 2016 and the present one four months later, in March 2017. Therefore, the prosecutor's consent was required before the trial court could exercise statutory authority to modify his sentence. In this case, after Soule filed his motion, the State filed a response and objected to the filing of Soule's motion. Given the prosecuting attorney's objection, the trial court could not have granted Soule's requested relief, and, thus, we find no abuse of discretion in the trial court's decision to deny relief to Soule. However, we find that the trial court's decision, which was based on the absence of the prosecutor's consent, is more appropriately characterized as a dismissal, and thus we remand to the trial court with instructions to dismiss Soule's Motion

---

[4] Soule is classified as a nonviolent offender under the statute. *See* Ind. Code § 35-38-1-17(d) (listing "violent criminal" offenses).

for Direct Placement to GPS and Daily Reporting. [5] *See Vazquez*, 37 N.E.3d at 964 (holding that trial court properly dismissed defendant's sentence modification petition because it was filed "just three months after his last petition").

[11]  Affirmed and remanded.

[12]  Bailey, J., and Pyle, J., concur.

---

[5] We note that Soule also challenges the lack of explanation in the trial court's order, which stated, "Comes now the Court and denies the Defendant's Motion for Direct Placement to GPS and Daily Reporting." *Appellant's App. Vol. 2* at 10. Soule asserts that the trial court's summary denial "appears to violate I.C. § 35-38-1-17(e)(2)," which permits a trial court to modify a sentence but requires the trial court to "incorporate its reasons in the record." *Appellant's Br.* at 9 n.3. Soule urges that "[i]f reasoning is required for the granting of a motion, it should be required for a denial too." *Id*. We reject Soule's claim that the trial court's order was inadequate; subsection (h) of the statute expressly states, "The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions." Ind. Code § 35-38-1-17(h).