

**FILED**

Sep 10 2018, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Jeremy Schmitt
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Jeremy Schmitt,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 10, 2018

Court of Appeals Case No.
83A04-1711-CR-2720

Appeal from the Vermillion Circuit Court

The Honorable John Rader, Special Judge

Trial Court Cause No.
83C01-0404-MR-2

**May, Judge.**

[1] Jeremy Schmitt, *pro se*, appeals the denial of his petition to modify sentence.

We reverse and remand.

## Facts and Procedural History

On April 28, 2004, the State charged Schmitt with murder[1] and Class A felony conspiracy to commit murder.[2] On March 28, 2005, pursuant to a plea agreement, the trial court accepted Schmitt's guilty plea and sentenced him to fifty years for Class A felony conspiracy. Schmitt appealed the sentence, and we affirmed in a memorandum decision. *Schmitt v. State*, No. 83A01-0507-CR-321 (Ind. Ct. App. May 31, 2006) (mem. dec.), *trans. denied*.

On May 11, 2009, Schmitt filed a petition for modification of his sentence. The State objected. The trial court denied his petition on May 29, 2009. On November 30, 2012, Schmitt filed a petition for post-conviction relief that was denied. Schmitt appealed the denial, and we affirmed. *Schmitt v. State*, No. 83A05-1409-PC-425, 2015 WL 4875793 (Ind. Ct. App. Aug. 14, 2015) (mem. dec.), *trans. denied*.

On April 29, 2014, Schmitt filed another petition for modification of his sentence. The trial court ordered an evaluation be prepared by the Department of Correction ("DOC"). The State objected to the modification. On August 21, 2014, the trial court denied the petition.

On May 15, 2017, Schmitt filed another petition for modification of his sentence wherein he lists the many programs, educational and employment, that he has completed while incarcerated. The State objected to the

---

[1] Ind. Code 35-42-1-1 (2001).

[2] Ind. Code § 35-41-5-2 (1977).

modification. Prior to a ruling, on September 18, 2017, Schmitt filed a motion to reconsider.[3] The trial court denied the petition, stating:

> Defendant herein filed his Petition for Modification of Sentence to which the State responded and thereafter Defendant filed a Motion to Reconsider such sentence modification. Defendant according to his Petitions has made positive strides during his incarceration which are to be complimented. However the Court finds that such Petition should be and hereby is denied.

(App. Vol. II at 41.)

# Discussion and Decision

[6] Generally, we review denial of a motion to modify a sentence for an abuse of discretion. *Gardiner v. State,* 928 N.E.2d 194, 196 (Ind. 2010). However, we "review matters of statutory interpretation *de novo* because they present pure questions of law." *State v. Brunner,* 947 N.E.2d 411, 416 (Ind. 2011), *reh'g denied.*

[7] At issue in this case is Indiana Code section 35-38-1-17, which defines when a trial court has authority to modify a sentence. Prior to July 1, 2014, the statute provided a defendant who had served more than 365 days of his sentence could

---

[3] In his motion to reconsider, Schmitt requested the trial court reconsider its denial of his petition for modification of sentence. However, nothing in the record indicates the trial court had ruled on his most recent petition at the time the motion to reconsider was filed.

move to have his sentence modified by the trial court, "*subject to the approval of the prosecuting attorney.*" Ind. Code § 35-38-1-17(b) (2013) (emphasis added). Thus, if the prosecutor did not approve, the trial court had no authority to modify a sentence.

[8] Effective July 1, 2014, our legislature eliminated the need for the prosecuting attorney's approval. *See* I.C. § 35-38-1-17(c) (2014) (providing, after defendant has served 365 days, court has authority to reduce or suspend sentence to a sentence available at the time of sentencing and "court must incorporate its reasons in the record"). However, another statute that also took effect in 2014 made the new version of Indiana Code section 35-38-1-17 inapplicable to "(1) penalties incurred; (2) crimes committed; or (3) proceedings begun; before [July 1, 2014]. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if [the new sentencing laws] had not been enacted." I.C. § 1-1-5.5-21(a) (2014). Accordingly, if Schmitt, who was sentenced in 2005, had petitioned for sentence modification after July 1, 2014, the court could not have modified his sentence without the prosecutor's approval. *See, e.g., Swallows v. State,* 31 N.E.3d 544, 547 (Ind. Ct. App. 2015) (holding defendant sentenced in 1989 had no right to sentence modification without prosecutor's approval under 2014 version of Ind. Code section 35-38-1-17), *trans. denied, superseded by statutory amendment.*

[9] Public Law 164-2015 amended Indiana Code section 35-38-1-17 to explicitly provide the sentencing relief available therein applied retroactively to "a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." I.C. §

35-38-1-17(a) (2015); *see also Vazquez v. State,* 37 N.E.3d 962, 964 (Ind. Ct. App. 2015) (discussing statutory change). Therefore, the statute, as currently written, applies to Schmitt and he was eligible to petition the trial court for reduction or suspension of his sentence twice without the approval of the prosecuting attorney. *See* I.C. § 35-38-1-17(j) (2015) (a convicted person not designated a violent criminal may file a maximum of two petitions for sentence modification with not more than one petition in any 365-day period).

[10] The current version of Indiana Code section 35-38-1-17 states, in pertinent part:

> (a) Notwithstanding IC 1-1-5.5-21, this section applies to a person who:
>
>> (1) commits an offense; or
>> (2) is sentenced;
>
> before July 1, 2014.
>
> * * * * *
>
> (e) At any time after:
>
>> (1) a convicted person begins serving the person's sentence; and
>> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of

sentencing. However, if the convicted person was sentenced under the terms of a plea agreement, the court may not, without the consent of the prosecuting attorney, reduce or suspend the sentence and impose a sentence not authorized by the plea agreement. The court must incorporate its reasons in the record.

\* \* \* \* \*

(h) The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions.

\* \* \* \* \*

(j) This subsection applies only to a convicted person who is not a violent criminal. A convicted person who is not a violent criminal may file a petition for sentence modification under this section:

> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and
> (2) a maximum of two (2) times during any consecutive period of incarceration;

without the consent of the prosecuting attorney.

### *Requirement to Obtain a Report or Hold a Hearing*

Schmitt argues the trial court erred by not ordering the DOC to produce a new progress report and by not holding a hearing. Schmitt asserts these failures show "the trial court never intended to consider Schmitt's rehabilitative efforts." (Br. of Appellant at 11.)

[12] In *Robinett v. State*, 798 N.E.2d 537 (Ind. Ct. App. 2003), *trans. denied*, Robinett appealed the denial of his petition to modify sentence because the trial court had "summarily denied his motion . . . without a hearing and without a response from the prosecuting attorney." *Id*. at 538. We held the trial court was required to notify the prosecutor and to hold a hearing only if it had made a preliminary determination to reduce or suspend the petitioner's sentence. *Id*. at 539 (quoting *Reichard v. State*, 510 N.E.2d 163, 167 (Ind. 1987)).

[13] The current version of Indiana Code section 35-38-1-17 states, in pertinent part:

> (f) If the court sets a hearing on a petition under this section, the court must give notice to the prosecuting attorney and the prosecuting attorney must give notice to the victim (as defined in IC 35-31.5-2-348) of the crime for which the convicted person is serving the sentence.

> * * * * *

> (i) The court is not required to conduct a hearing before reducing or suspending a sentence under this section if:

>> (1) the prosecuting attorney has filed with the court an agreement of the reduction or suspension of the sentence; and
>> (2) the convicted person has filed with the court a waiver of the right to be present when the order to reduce or suspend the sentence is considered.

[14] The 2014 and 2015 amendments changed multiple parts of this statute, but the modifications do not appear to have imposed a requirement for a hearing if the

court intends to deny the petition. Because the statute provides no indication the legislature intended to overturn or modify the court's holding in *Robinett*, we presume the legislature intended to keep that law intact. *See, e.g., Layman v. State*, 42 N.E.3d 972, 978 (Ind. 2015) (where legislature modifies statute without impacting case law holdings, legislature has acquiesced to the validity of the holdings).

[15] The trial court here did not indicate it had made a preliminary determination to reduce or suspend Schmitt's sentence. The trial court did order the prosecutor's office to respond to Schmitt's petition but did not indicate in any way that it was considering granting the petition. Schmitt included in his petition and in his motion for reconsideration all the educational and employment opportunities he had pursued while incarcerated. The trial court's order praised Schmitt's "positive strides," (App. Vol. II at 41), which demonstrates the court acknowledged Schmitt's recitation of those pursuits. Three years earlier, the trial court had ordered a progress report from the DOC, and that report verified most, if not all, the programs Schmitt had pursued while incarcerated. However, without a preliminary determination to grant Schmitt's petition, the trial court was not required to hold a hearing or request another progress report from the DOC. *See Robinett*, 798 N.E.2d at 539 (trial court is not required to hold a hearing if it has not made a preliminary decision to reduce or suspend a sentence).

## *Prosecutorial Consent*

[16] Schmitt argues the State's objection to his petition "did not preclude the trial court from granting a sentence modification." (Br. of Appellant at 8.) While he originally based his argument on the sections of the statute regarding violent criminals,[4] in his reply brief he argues we are bound by *Woodford v. State*, 58 N.E.3d 282 (Ind. Ct. App. 2016), which held petitions for modification filed prior to the effective date of the 2015 amendment of Indiana Code section 35-38-1-17 did not count toward the two petitions a petitioner could file without prosecutorial consent pursuant to subjection (j)(2) of that statute. Therefore, according to Schmitt, although he has filed three petitions to modify since being sentenced in 2005, only one of those was filed after the 2015 amendment, such that prosecutorial consent was not required for the court to grant his current petition.

[17] The State acknowledges the *Woodford* holding, but argues Schmitt has exceeded the limit on petitions that can be filed without prosecutorial consent. In support thereof, the State cites *Vazquez*, 37 N.E.3d at 964 (holding number of petitions includes pre-amendment petitions and petitioner is required to acquire prosecutorial consent if total greater than two). To determine which case to follow, we review each in more detail.

---

[4] Schmitt's conviction does not render him a "violent criminal" under the definition provided by Indiana Code section 35-38-1-17. The State acknowledges this.

[18]     In 2014, Vazquez filed his third petition to modify, and his last two petitions were filed within three months of one another. *Id.* at 963. The trial court deemed the third petition untimely and dismissed the petition. *Id.* Vazquez appealed asserting, in pertinent part, the amended statutes regarding sentence modifications should apply to him.[5] *Id.* at 964. A panel of this court first noted the statute was to be applied retroactively, such that the limitations in the statute applied to Vazquez. *Id.* The panel then noted the statute specifically stated a non-violent criminal may, "without the consent of the prosecuting attorney[,]" file a petition for a sentence modification "not more than one (1) time in any three hundred sixty-five (365) day period[.]" I.C. § 35-38-1-17(j)(1). Because the appealed petition had been filed within three months of Vasquez's previous petition, prosecutorial consent was required, and as the prosecutor had not consented, the trial court had no authority to grant his petition. *Id.* The opinion also noted, as dicta and without further analysis, that the statute limited the number of petitions that could be filed without prosecutorial consent to two and that Vazquez, who had filed three petitions, had "exceeded the authorized number of filings" that could occur without consent. *Id.*

[19]     Almost a year later, in *Woodford*, another panel of our Court was asked to decide whether petitions filed prior to the 2015 amendment counted against the two-petition limitation of Indiana Code section 35-38-1-17(j) (2015). Woodford

---

[5] Vazquez also asserted the trial court was biased against him and lacked jurisdiction to rule on his petitions. *Vazquez*, 37 N.E.3d at 964. However, those issues are not pertinent to our review.

had filed three modification petitions prior to the statutory amendment. *Woodford*, 58 N.E.3d at 283-4. He filed his fourth petition in 2015, and the trial court denied it because Woodford did not have prosecutorial consent for the modification. *Id*. at 284. The *Woodford* panel held that although the

> statute does not unequivocally or unambiguously state the two-petition limit in Subsection (j)(2) should apply retrospectively to petitions filed before the statute's effective date . . . to apply the limit retrospectively in a remedial statute like this one would produce an absurd result: it would deny Woodford the opportunity for sentence modification under the new statutory terms, even though Section 35-38-1-17(a) explicitly extends the new scheme to persons like Woodford who were convicted and sentenced before July 1, 2014.

*Id*. at 286. In so holding, the Woodford panel noted "the issue of which petitions count toward the limit was not squarely presented to the Court" in *Vasquez*. *Id*. at 286 n.9. Therefore, the *Woodford* panel held, the *Vazquez* ruling was not controlling. *Id*.

[20] Schmitt's situation is analogous to *Woodford*. Schmitt filed two petitions to modify prior to the 2015 amendment in the statute. Schmitt filed his third petition in 2017. Pursuant to the reasoning in *Woodford*, as it pertains to the two-petition limit in Indiana Code section 35-38-1-17(j)(2), this is Schmitt's first petition to modify his sentence and prosecutorial consent was not required. *See id*. at 287 (prosecutorial consent not required if number of petitions filed since 2015 amendment has not exceeded two).

### *Abuse of Discretion*

[21]     The trial court has broad discretion to modify a sentence. *Ames v. State*, 471 N.E.2d 327, 331 (Ind. Ct. App. 1984). As a general rule, an abuse of discretion will not be found unless a decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. In determining whether an abuse of discretion occurred, we may not reweigh the evidence, but will consider only the evidence favorable to the judgment. *Catt v. State*, 749 N.E.2d 633, 640 (Ind. Ct. App. 2001), *reh'g denied*, *trans. denied* 761 N.E.2d 422 (Ind. 2001).

[22]     We address whether the trial court abused its discretion when it denied Schmitt's petition because it is unclear why the trial court denied the petition. Schmitt argues that because the trial court did not explain its reasons for denial, that denial could have been "premised upon the State's objection or a belief in that the original sentence was appropriate."[6] (Reply Br. at 5.) The State argues that because Schmitt's sentence was affirmed by our Court and because Schmitt has served only fifteen years of a fifty-year sentence, the trial court did not abuse its discretion when it denied Schmitt's petition.

[23]     On May 31, 2017, the trial court ordered the prosecutor to "advise the Court on or before June 30, 2017, as to their position regarding any sentence

---

[6] Schmitt focuses a significant amount of argument on speculation that the trial court did not consider his rehabilitative efforts. When denying a petition, the trial court is not required to make written findings and conclusions. I.C. § 35-38-1-17(h). As we remand due to possible confusion regarding prosecutorial consent, we need not address this speculative argument. Nonetheless, the trial court implied it had read Schmitt's petition listing his rehabilitative efforts when it mentioned his "positive strides" in its denial order. (App. Vol. II at 41.)

modification." (App. Vol. II at 33.) The trial court's order denying the modification notes the prosecutor objected. These two facts suggest the trial court may have been under the impression it was required to have prosecutorial consent to modify Schmitt's sentence. In light of that possible confusion, we reverse and remand for the trial court to decide the petition on its merits. *See Woodford*, 58 N.E.3d at 287 (when it is unclear whether the trial court was operating under a misapprehension of its authority, we decline to review the order for an abuse of discretion but rather remand for the trial court to consider on the merits). If the court makes a preliminary determination that it would grant Schmitt's petition, then the court should request documentation from the DOC and hold a hearing on Schmitt's petition in accordance with the statutory requirements. *See supra* Issue I.

# Conclusion

Because the two-petition limit includes only such petitions as have been filed since the statute was amended in 2015, Schmitt's petition is effectively the first petition he has filed, and prosecutorial consent was not required. Although a trial court is not required to explain its reasons for denial, because the trial court mentioned the State's response in its order, we reverse that denial and remand for the trial court to review Schmitt's petition on its merits.

Reversed and remanded.

Riley, J., and Mathias, J., concur.