## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2020, 10:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Demario Banks
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Demario Banks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 26, 2020

Court of Appeals Case No.
19A-CR-1346

Appeal from the Vanderburgh
Circuit Court

The Honorable David Kiely, Judge

Trial Court Cause No.
82C01-9901-CF-19

**Brown, Judge.**

[1] Demario Banks appeals from the denial of his motion for modification of sentence. We affirm.

## Facts and Procedural History

[2] The relevant facts as discussed in Banks's direct appeal from his conviction follow:

> Banks and James Morris decided to rob known drug dealer [Jakiya] McKnight. In the early morning hours of December 20, 1998, they went to McKnight's home and engaged him in a brief conversation. Suddenly producing a 9mm handgun, Banks told McKnight to lie on the floor and demanded to know where he kept his drugs and money. In the meantime, Morris proceeded to ransack the house finding a large quantity of cocaine and between five and eight thousand dollars in cash. While conducting his search, Morris heard a gun shot. Banks later told Morris that he had accidentally shot McKnight. The two removed jewelry from McKnight's body and fled the scene with jewelry, money, and drugs. A later autopsy revealed McKnight died as a result of a gunshot wound to the chest.

*Banks v. State*, 761 N.E.2d 403, 403-404 (Ind. 2002).

[3] In 1999, a jury found Banks guilty of murder, a felony, robbery as a class A felony, and felony murder. On August 25, 1999, the trial court entered a judgment of conviction as to felony murder and sentenced Banks to sixty years. On direct appeal, the Indiana Supreme Court affirmed Banks's conviction. *Id.* at 403.

[4] On August 28, 2006, Banks filed an amended petition for post-conviction relief. On April 27, 2007, the court denied Banks's petition. Banks appealed, and this

Court affirmed. *See Banks v. State*, No. 82A05-0709-PC-520, slip op. at 2 (Ind. Ct. App. 2008).

[5] On April 8, 2015, Banks filed a motion to modify his sentence. On April 16, 2015, the State filed an Objection to Modification of Defendant's Sentence. The chronological case summary ("CCS") indicates the court held multiple "[s]hock hearing[s]" including one on May 23, 2019. Appellant's Appendix Volume II at 17-18. That same day, the court denied Banks's motion.

[6] On June 13, 2019, Banks filed a notice of appeal. On August 7, 2019, Banks submitted a Verified Motion to Remand Seeking a Statement of Evidence and/or Alternative Relief. On August 15, 2019, this Court entered an order granting Banks's motion, ordering Banks to file a statement of the evidence with the trial court pursuant to Appellate Rule 31(A) regarding the hearing held on May 23, 2019, and ordering the trial court to either certify the statement of evidence or file an affidavit pursuant to Appellate Rule 31(D). On October 18, 2019, the trial court entered a "Response to Appellate Court's Order Dated August 15, 2019 and Affidavit Pursuant to Rule 31D of the Indiana Rules of Appellate Procedure." October 18, 2019 Order at 1. The court indicated that Banks filed a "Notice Seeking Certification 'Statement of Evidence' – or in the Alternative – Emergency Hearing to Create Records" on September 11, 2019, and made several assertions which he believed "occurred during discussions of his shock probation (modification) request." *Id.* at 2. The court also indicated that it could not certify Banks's statement of evidence as correct and that it was unable to recall the actual conversations of what occurred during the shock

probation hearings referenced in the CCS or add additional information outside of what could be found in the CCS. On October 28, 2019, this Court entered an order accepting the trial court's response.

### *Discussion*

[7] Before discussing Banks's allegations of error, we observe that he is proceeding *pro se* and that such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Banks cites *Layman v. State*, 17 N.E.3d 957 (Ind. Ct. App. 2014), which was vacated by the Indiana Supreme Court, *see Layman v. State*, 42 N.E.3d 972 (Ind. 2015), and argues that he received a more severe sentence than a co-defendant and was denied due process. He argues that the trial court abused its discretion in denying his motion based upon the disparity between his sentence and that of his co-defendant who pled guilty. He argues the absence of a record demonstrates an abuse of discretion and a violation of due process. He also contends he was denied effective assistance of counsel when counsel failed to insist that hearings be on the record. The State argues in part that the trial court had no authority to modify Banks's sentence under Ind. Code § 35-38-1-17 absent the consent of the prosecutor. It also asserts that Banks fails to develop a cogent argument and that his arguments do not warrant reversal.

[8] We review a trial court's denial of a petition to modify a sentence only for abuse of discretion. *Swallows v. State*, 31 N.E.3d 544, 545-546 (Ind. Ct. App. 2015) (citing *Hobbs v. State*, 26 N.E.3d 983, 985 (Ind. Ct. App. 2015) (citing *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010))), *trans. denied*. If the ruling

rests on a question of law, however, we review the matter *de novo*.  *Id.* (citing *State v. Holloway*, 980 N.E.2d 331, 334 (Ind. Ct. App. 2012)).  Matters of statutory interpretation present pure questions of law.  *Id.* (citing *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011) (citing *Gardiner*, 928 N.E.2d at 196), *reh'g denied*).

[9]     Ind. Code § 35-38-1-17 addresses the reduction or suspension of a sentence.  At the time of Banks's offense and conviction, Ind. Code § 35-38-1-17(b) provided: "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*."  (Emphasis added).  At the time Banks filed his motion to modify his sentence on April 8, 2015, Ind. Code § 35-38-1-17(c) provided:

> If more than three hundred sixty-five (365) days have elapsed
> since the convicted person began serving the sentence, the court
> may reduce or suspend the sentence and impose a sentence that
> the court was authorized to impose at the time of sentencing. The
> court must incorporate its reasons in the record.

Ind. Code Ann. § 35-38-1-17.  However, this version of the statute does not apply to Banks.  *See Jaco v. State*, 49 N.E.3d 171, 174 (Ind. Ct. App. 2015) (discussing *Hobbs*, 26 N.E.3d 983; *Carr v. State*, 33 N.E.3d 358, 358-359 (Ind. Ct. App. 2015) (citing the savings clause and *Hobbs* and concluding the version of Ind. Code § 35-38-1-17 which became effective July 1, 2014, did not apply where Carr's crime was committed in 1999), *trans. denied*; *Swallows*, 31 N.E.3d

at 545-547 (noting the plain meaning of the savings clause and the reasoning in *Hobbs* and concluding that the version of Ind. Code § 35-38-1-17 which became effective on July 1, 2014, did not apply to Swallows's petition to modify a sentence that he began serving in 1989); and *Johnson v. State*, 36 N.E.3d 1130, 1134-1138 (Ind. Ct. App. 2015) (concluding that the 2014 amendment to Ind. Code § 35-38-1-17(b) was not remedial, that the 2014 amendment constituted a substantive and not a procedural change, that thus the 2014 version of the statute did not apply to the Johnsons, and affirming the denial of the Johnsons' petitions for sentence modifications in that case), *trans. denied*, and concluding that the version of Ind. Code § 35-38-1-17 which became effective July 1, 2014, did not apply to Jaco's February 17, 2015 motion for modification of sentence).

[10] Public Law No. 164-2015 amended Ind. Code § 35-38-1-17 "to explicitly provide the sentencing relief available therein applied retroactively to 'a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014.'" *Schmitt v. State*, 108 N.E.3d 423, 425 (Ind. Ct. App. 2018) (quoting Ind. Code § 35-38-1-17(a) (2015)). *See also Vazquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015) (discussing the statutory change and holding that the legislature has since amended the statute to expressly provide for retroactivity). The current version of the statute, which was in effect at the time of the court's May 23, 2019, denial of Banks's motion, also provides that, except as provided in subsections

(k) and (m),[1] Ind. Code § 35-38-1-17 does not apply to a "violent criminal," and a violent criminal is defined to include a person convicted of murder, which includes felony murder. Ind. Code § 35-38-1-17(c), -17(d)(1). Ind. Code § 35-38-1-17(k) provides that, "[a]fter the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney."

[11] Banks concedes that the State objected to his motion to modify his sentence and does not cite Ind. Code § 35-38-1-17 or respond to the State's argument that the trial court had no authority to modify his sentence absent the consent of the prosecutor. Under the circumstances, we cannot say that Banks demonstrated that the trial court abused its discretion in denying his motion or that the lack of a transcript or his claim of ineffective assistance warrants reversal.

[12] For the foregoing reasons, we affirm the trial court's denial of Banks's motion for modification of sentence.

[13] Affirmed.

Najam, J., and Kirsch, J., concur.

---

[1] Subsection (m) applies to a person who commits an offense after June 30, 2014, and before May 15, 2015, and is inapplicable here.