ATTORNEY FOR APPELLANT

Thomas Little
Frankfort, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah J. Swinney
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 14 2020, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willard G. Merkel,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 14, 2020<br><br>Court of Appeals Case No.<br>20A-CR-1475<br><br>Appeal from the Carroll Circuit<br>Court<br><br>The Honorable Benjamin A.<br>Diener, Judge<br><br>Trial Court Cause No.<br>08C01-1805-F4-9 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Willard G. Merkel (Merkel), appeals the trial court's denial of his petition to modify his sentence.

We affirm.

# ISSUE

Merkel presents this court with one issue on appeal, which we restate as: Whether the trial court properly denied Merkel's request for a modification of his sentence stemming from his conviction for unlawful possession of a firearm by a serious violent felon.

# FACTS AND PROCEDURAL HISTORY

On May 21, 2018, the State filed an Information, charging Merkel with unlawful possession of a firearm by a serious violent felon as a Level 4 felony and a notice of intent to seek an habitual offender enhancement. On March 29, 2019, Merkel agreed to plead guilty to unlawful possession of a firearm by a serious violent felon in exchange for the State's agreement to dismiss the habitual offender enhancement. Pursuant to the agreement, sentencing would be left to the trial court's discretion. On June 29, 2019, during the sentencing hearing, the trial court imposed a twelve-year sentence to be executed at the department of correction, and it noted Merkel's history of criminal behavior as he was serving a sentence "for the same offense at the time this offense occurred." (Appellant's App. Vol. II, p. 22). An entry on the Chronological

Case Summary (CCS) on July 2, 2019, indicated that the trial court had issued its signed sentencing order on June 26, 2019.

[5] On June 26, 2020, 366 days after sentencing, Merkel filed his Verified Emergency Petition for Release from Custody based on the COVID-19 Pandemic and Motion to Modify Sentence. Without being requested to by the trial court or Merkel, the State filed its objection three days later. On July 22, 2020, the trial court denied Merkel's petition without conducting a hearing.

[6] Merkel now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[7] Merkel contends that the trial court abused its discretion in denying his petition for a modification of his sentence. A trial court's decision regarding a petition for a modification of a sentence is reviewed for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. Trial courts have broad discretion to modify a sentence. *Schmitt v. State*, 108 N.E.3d 423, 428 (Ind. Ct. App. 2018).

[8] It should be noted that Merkel could not request a sentence modification under Indiana Code section 35-38-1-17(k) because the trial court's statutory authority to consider a modification without the consent of the prosecutor ended "no[] later than three hundred sixty-five (365) days from the date of sentencing" for Merkel's offense that qualified him as a "violent criminal." Ind. Code § 35-38-1-17(d)(14) (2018). 366 days passed between the imposition of the trial court's

sentence and Merkel's request for a sentence modification which he filed without the consent of the prosecutor. Accordingly, as Merkel could not request a modification of his sentence without the consent of the State, the trial court was without authority to consider his petition.

[9] Even if the trial court had authority to consider Merkel's petition, we conclude that it did not abuse its discretion by denying Merkel's request for sentence modification. Merkel committed an offense which qualified him as a violent criminal for the purposes of the modification statute. *See* I.C. § 35-38-1-17(d)(14). On the day he filed his petition for modification, he had served 366 days of a twelve-year sentence. Although Merkel did not submit any facts related to the offense or a transcript, the CCS reflects that Merkel was "serving a sentence for the same offense at the time this offense occurred." (Appellant's App. p. 22). The danger to the community evidenced by a serious violent felon possessing a firearm and the relatively brief period of incarceration support the trial court's refusal to modify his sentence.

[10] Merkel also argues that the trial court abused its discretion because by being an older diabetic he is at a higher risk of contracting COVID-19. However, his placement in a higher-risk category will remain even if he were released into the community. Furthermore, his reliance on our supreme court's *In re the Matter of Administrative Rule 17 Emergency Relief in the Indiana Trial Courts Related to the 2019 Novel Coronavirus (COVID-19)*, 141 N.E.3d 1243 (Mem) (Ind. Apr. 3, 2020) is misplaced. Although the supreme court granted authority to trial courts "to review county-jail and direct placement community correction sentences of

non-violent inmates," this decision did not override substantive Indiana law on sentence modifications and cannot be interpreted as a requirement to release inmates, as Merkel appears to propose. *Id*. at 1244. Moreover, the decision is not applicable to Merkel because he was not placed in a county jail, he is not a juvenile, and he was convicted of a violent offense.

Prior to making its decision, the trial court was not required to conduct a hearing on Merkel's petition. The statute does not require a trial court to hold a hearing in all cases; it only requires the trial court to conduct a hearing if the court has made a preliminary decision that it is going to modify the sentence. *Robinett v. State*, 798 N.E.2d 537, 539 (Ind. Ct. App. 2003), *trans. denied*. Because the trial court did not indicate it had made a preliminary determination to reduce or modify Merkel's sentence, it was not required to conduct a hearing. As such, the trial court's conclusion that modification was not warranted was well-within its discretion and shall not be disturbed on appeal.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Merkel's petition for sentence modification.

Affirmed.

Najam, J. and Crone, J. concur